**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernardo Mancinas-Flores,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-16-03183-PHX-NVW (JFM)<br>CR-05-01086-1-PHX-NVW<br><br>**ORDER** |

Before the Court is the Report and Recommendation on Motion to Vacate, Set Aside or Correct Sentence ("R&R") of Magistrate Judge James F. Metcalf (Doc. 22) regarding Bernardo Mancinas-Flores's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Amended § 2255 Motion") (Doc. 11). Movant filed two supplemental briefs, Respondent filed a response, and Movant filed a reply. (Docs. 24, 26, 30, 34.) Subsequently, Respondent filed a notice of supplemental authority. (Doc. 35.) Because the Amended § 2255 Motion is untimely under 28 U.S.C. § 2255(f) and *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. Sept. 12, 2018), the Court does not reach the remainder of the issues addressed by the R&R.

**I.    BACKGROUND**

On October 19, 2005, Movant and a co-defendant were indicted on charges of conspiracy to commit hostage taking, hostage taking, conspiracy to harbor illegal aliens, and harboring illegal aliens. On August 22, 2006, a Superseding Indictment was filed

adding a charge of possession or use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c). Following a failed plea colloquy, Movant was convicted on all counts by a jury and was sentenced to an effective life sentence. Movant appealed, and the Ninth Circuit reversed and remanded.

On remand, Movant entered into a written plea agreement and entered a guilty plea on the firearms charge on October 20, 2010. On July 6, 2011, Movant was sentenced to prison for 480 months, with credit for time served. Movant filed an Amended Notice of Appeal from his resentencing and subsequently voluntarily dismissed the appeal on March 13, 2012.

On September 19, 2016, Movant filed his original Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence pursuant to 18 U.S.C. § 924(c)(1)(A) is unconstitutional in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (decided June 26, 2015). Counsel was subsequently appointed and filed an Amended Motion to Vacate (Doc. 11), raising the same claim under *Johnson* and adding additional argument. In its response, Respondent argues that *Johnson* is inapplicable, the motion is untimely, and Movant waived his rights to bring the present claim. Movant's reply focuses on *Johnson*'s applicability and does not address the statute of limitations or waiver issues.

On July 24, 2017, the R&R was filed, recommending that the Amended § 2255 Motion be dismissed with prejudice. (Doc. 22.) The Court ordered supplemental briefing, which was completed June 27, 2018.

## II. LEGAL STANDARD

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of applications for post-trial relief by individuals convicted of criminal offenses. 28 U.S.C. § 636(b)(1)(B). If any party files a written objection to the proposed findings and recommendations, the district judge "shall make a de novo determination of those portions of the proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### III. ANALYSIS

The Amended § 2255 Motion requests that the sentence imposed under 18 U.S.C. § 924(c) be vacated as the crime is unconstitutionally vague under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Movant contends that the motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year after *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), was decided and made *Johnson* retroactive to cases that are final on direct review. Among other things, Respondent contends that the motion is untimely because it was filed more than one year after Movant's judgment of conviction became final and § 2255(f)(3) does not apply because there has not been a new right recognized by the United States Supreme Court. The R&R recommends that the Amended § 2255 Motion be dismissed as untimely because the original motion was filed on September 19, 2016, more than one year after *Johnson* was decided and any claims not based on *Johnson* would be untimely based on the date his conviction was final. After briefing regarding the R&R was complete, the Ninth Circuit decided *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. Sept. 12, 2018), holding that the Supreme Court has not extended *Johnson* to sentences imposed pursuant to 18 U.S.C. § 924(c).

A prisoner in custody under sentence of a federal court may move the court to vacate, set aside, or correct the sentence on the ground that the sentence was imposed in violation of the Constitution or federal law within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, the issue is whether the one-year limitations period ran from the date on which the conviction became final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Movant contends that the one-year limitations period ran from the date the Supreme Court issued *Welch*, making *Johnson* retroactive, which would make the Amended § 2255 Motion timely, but only if *Johnson* applies to this case. The Court does not decide whether *Welch* recognized a new right because, under the Ninth Circuit's decision in *Blackstone*, *Johnson* does not apply.

In *Johnson*, the Supreme Court held that the part of the definition of a "violent felony" in 18 U.S.C. § 924(e)(2)(B) that includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. 135 S. Ct. at 2563. The new right recognized in *Johnson* was made retroactively applicable in *Welch*. 136 S. Ct. at 1268. In *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204, 1210, 1216, 1223 (2018), the Supreme Court concluded that a similar part of the definition of a "crime of violence" in 18 U.S.C. § 16(b) also is unconstitutionally vague.

In *Blackstone*, the Ninth Circuit held that *Johnson* did not announce a new rule that is applicable to the part of the definition of a "crime of violence" in 18 U.S.C. § 924(c) that includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 903 F.3d at 1028. The Ninth Circuit expressly stated that the Supreme Court has not recognized that part of § 924(c)'s definition as void for vagueness in violation of the Fifth Amendment. *Id.* Movant's sentence was based on § 924(c), not § 924(e). Therefore, the one-year limitations period ran from the date on which the judgment of Movant's conviction became final, and the Amended § 2255 Motion is untimely.

Because the Amended § 2255 Motion is time-barred under *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. Sept. 12, 2018), the Court does not reach the remainder of the R&R.

IT IS THEREFORE ORDERED that Movant's Objections to the Report and Recommendation of the Magistrate Judge are overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of the Magistrate Judge is accepted only with respect to its recommendation that the Amended § 2255 Motion be dismissed with prejudice as untimely, and the remainder of the R&R is rejected as moot.

IT IS FURTHER ORDERED that Movant Bernardo Mancinas-Flores's Amended Motion Under 28 U.S.C. § 2255 (Doc. 11) is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk enter judgment accordingly and terminate this action.

IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because jurists of reason would not find debatable the Court's denial of the Amended § 2255 Motion as untimely under *Blackstone*.

Dated this 26th day of February, 2019.

_____
Neil V. Wake
Senior United States District Judge